ORDERED.

Dated: December 14, 2011



*Eileen W. Hollowell, Bankruptcy Judge*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>KELLE LEE TAYLOR,<br><br>          Debtor. | Chapter 7<br><br>No. 4:11-bk-06760-EWH |
| CARLA DZURISSIN,<br><br>          Plaintiff<br>v.<br>KELLE LEE TAYLOR,<br><br>          Defendant. | No. 4:11-ap-01211-EWH<br><br><br><br><br><br>**MEMORANDUM DECISION** |

## I. INTRODUCTION

Carla Dzurissin ("Plaintiff") seeks a determination, as a matter of law, that a state-court default judgment ("Judgment") against Kelle Lee Taylor ("Defendant") enjoys preclusive effect and is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). For the reasons explained in the balance of this decision, Plaintiff's request will be denied.

## II. **FACTUAL AND PROCEDURAL HISTORY**

Defendant filed a Chapter 7 voluntary petition on March 16, 2011. Complaints to determine dischargeability under Section 523 were due by July 5, and on June 30, Plaintiff timely filed a letter to the Court that was treated as a complaint ("Complaint").

The Complaint alleges that Plaintiff is a judgment creditor entitled to recover $89,500 awarded by the Judgment. The award resulted from a January 2009 Arizona complaint filed in the Superior Court of Maricopa County. In that case, Plaintiff alleged that Defendant swindled her, and because Defendant did not answer, the Superior Court entered the Judgment on a number of claims, including common-law fraud.

Plaintiff timely filed her Complaint in this Court. Defendant filed an answer ("Answer") on July 19, 2011. In the Answer, Defendant alleged that she is not working and has been laid off since August 2010. The Answer asserts that the Judgment was entered because Defendant could not afford to file a response in state court. The Answer asks this Court to discharge the Judgment because Defendant cannot pay it.

A pretrial scheduling conference was conducted on October 18, 2011. Plaintiff appeared but Defendant did not. The Court said that it would take the matter under submission to determine if the Judgment is entitled to preclusive effect, making the $89,500 award a nondischargeable debt.

## III. ISSUES

Should the Judgment be given preclusive effect?

## IV. JURISDICTIONAL STATEMENT

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(J).

2

## V. DISCUSSION

Section 523(a)(2)(A) prevents a debt's discharge when the debtor obtains money by fraud, which was a finding of the Judgment. The doctrine of collateral estoppel, or issue preclusion, prevents parties from relitigating settled matters, and "collateral estoppel principles apply...pursuant to § 523(a)" where a creditor reduces a fraud claim to a final judgment. Grogan v. Garner, 498 U.S. 279, 284 n.11, 112 L. Ed. 2d 755, 111 S. Ct. 654 (1991). In order to determine if the Judgment is a final judgment, and whether "collateral estoppel principles apply," the Court must look to state law because "the full faith and credit statute...provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States...as they have...in the courts of such State...from which they are taken.'" Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995) (citing 28 U.S.C. § 1738). Accordingly, Arizona law controls.

In Arizona, collateral estoppel:

> precludes the litigation of issues previously litigated if (1) the issue was actually litigated in a previous proceeding; (2) there was a valid and final decision on the merits; (3) resolution of the issue was essential to the decision; (4) there is common identity of the parties; and (5) there was a full and fair opportunity to litigate the issue.

Sunkist Growers v. Fisher, 104 F.3d 280, 284 (9th Cir. 1997) (citations omitted). Arizona courts hold that default judgments do not satisfy the "actually litigated" requirement. See, e.g., Chaney Bldg. Co. v. City of Tucson, 148 Ariz. 571, 716 P.2d 28 (Ariz. 1986) (en banc); Circle K Corp. v. Indus. Comm'n of Arizona, 179 Ariz. 422, 880 P.2d 642, 645 (Ariz. Ct. App. 1994). This jurisprudential convention follows the Restatement (Second)

3

of Judgments § 27 cmt. e (1982), which instructs that issues are not actually litigated where judgment is obtained by default.

Under Arizona law, the Judgment was not "actually litigated" because it is a default judgment and the underlying issues were not addressed. As a result, collateral estoppel does not apply. Defendant's failure to appear at a pretrial scheduling conference may be grounds for entry of default in this case, but only after Defendant has been given the notice required by Fed. R. Civ. P. 55, made applicable in bankruptcy adversary proceedings by Fed. R. Bankr. P. 7055. Plaintiff must file an application for default in compliance with Rule 55. If Defendant does not respond, default will be entered. Thereafter, the Court will conduct a hearing on the amount of the damages.

## **VI. CONCLUSION**

For the foregoing reasons, the Court will not grant the Judgment preclusive effect.

Dated and signed above.

Notice to be sent through the Bankruptcy
Noticing Center ("BNC") to the following:

Carla Dzurissin
668 North 44th Street, Ste. #300
Phoenix, AZ 85008

Kelle Lee Taylor
30008 N. Royal Oak Way
Queen Creek, AZ 85143

4

Case 4:11-ap-01211-EWH    Doc 15    Filed 12/14/11    Entered 12/14/11 13:27:42    Desc
Main Document - Memorandum/Opinion    Page 4 of 4