ORDERED.

Dated: February 19, 2013



Eileen W. Hollowell, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KELLE LEE TAYLOR,<br><br>        Debtor. | Chapter 7<br><br>Case No. 4:11-bk-06760-EWH |
| CARLA DZURISSIN,<br><br>        Plaintiff,<br>v.<br><br>KELLE LEE TAYLOR,<br><br>        Defendant. | Case No. 4:11-ap-01211-EWH<br><br>**MEMORANDUM DECISION** |

For the reasons set forth on the record at the conclusion of an evidentiary hearing[1] conducted on December 11, 2012, the Plaintiff did not demonstrate by a preponderance of the evidence that the Debtor's discharge should be denied because the Debtor committed fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

---

[1] Plaintiff, who was not represented by a lawyer, did not file a formal non-dischargeability complaint, but did timely file a "Challenge to Dischargeability" which the Court treated as a complaint. The Debtor, who was also unrepresented, filed an answer, but failed to appear at the Pretrial Scheduling Conference. Eventually, Plaintiff sought entry of default as a result of Debtor's failure to participate in the Adversary. A default was entered and an evidentiary hearing on damages was scheduled. Debtor appeared at the hearing. Because it is preferable for disputes to be decided on the merits Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), the Court set aside the default and used the evidentiary hearing to reach the merits of Plaintiff's complaint.

In addition to her § 523(a)(2)(A) claims, Plaintiff's testimony indicated that she might have § 523(a)(4) claims for conversion based on Plaintiff's allegation that the Debtor had improperly used a number of Plaintiff's credit cards.

However, Plaintiff testified that she had not had to pay to any of the allegedly unauthorized charges because most of the credit card companies had ceased collection efforts after receiving "fraud packets" from the Plaintiff. Plaintiff did not seek to admit into evidence the "fraud packets" or any correspondence from the credit card companies regarding why collection efforts had been terminated.

However, Plaintiff did provide a complaint filed against her by Wells Fargo in Arizona state court seeking to collect amounts due on a business credit card. Plaintiff acknowledged that she and Debtor had both signed the application to open the Wells Fargo credit card account. Because the Wells Fargo credit card was a joint account, the allegation that the Debtor used the account for non-business purposes was material to the determination of whether the Debtor committed conversion. Without some documentary evidence regarding the terms of the Wells Fargo credit card agreement, the Court was unable to determine if both parties had to consent to charges or if each party could make charges without the consent of the other. Due to insufficient evidence, the Court was unable to determine the merits of Plaintiff's § 523(a)(4) claims.

The Court gave Plaintiff 30 days to produce evidence regarding Debtor's purported unauthorized use of the Wells Fargo credit card and Plaintiff's potential damages regarding that claim. As of the date of this decision, which is well past the 30-day deadline, Plaintiff has failed to file any supplemental documentation. As a result,

2

the Court finds that Plaintiff has failed to satisfy her burden of proof regarding her § 523(a)(4) claims.

## CONCLUSION

Plaintiff has failed to satisfy her burden of proof on her 523 claims. Accordingly, a judgment will be entered in favor of the Debtor on Plaintiff's non-dischargeability complaint.

Dated and signed above.

Copy of the foregoing mailed this
19th day of February, 2013, to the
following:

Carla Dzurissin
[Address Redacted]

Kelle Lee Taylor
30083 N. Royal Oak Way
Queen Creek, AZ 85143

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003

By J. Medina
   Judicial Assistant